# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# FAYETTEVILLE DIVISION

In re:
**ISIAK MCLAMB**

Social Security No.: xxx-xx-0322
Address: PO Box 296, Clinton, NC 28329

Debtor.

**BANKRUPTCY CASE NO.: 14-02849-5-DMW**

**CHAPTER 13**

**ISIAK MCLAMB**,

Plaintiff,

**ADVERSARY PROCEEDING CASE NO.: _____**

v.

**AMERICAN MANAGEMENT ASSOCIATES, LLC,**

Defendant.

## COMPLAINT

### I. INTRODUCTION

1. This action is brought by Plaintiff Isiak McLamb for actual damages, statutory damages, and civil penalties against Defendant American Management Associates, LLC for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and requires the communication of specific statutory rights, and the North Carolina Collection Agency Act, N.C.G.S. § 58-70-90 *et seq* ("NCCAA").

### II. JURISDICTION

2. Venue is proper in this district as all relevant events took place here.

3. Jurisdiction for the District Court for the Eastern District of North Carolina arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Jurisdiction over state law claims arises under

28 U.S.C. § 1367.

4. This Bankruptcy Court has both personal and subject matter jurisdiction to hear matters herein raised pursuant to 28 U.S.C. §§ 157(b)(2) and 1334, and pursuant to the Order entered by the Judges of the United States District Court for the Eastern District of North Carolina on August 3, 1984 (Referral Order), which Order was entered in accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984.

5. This matter is a "core" proceeding as that term is explained in 28 U.S.C. § 157(b)(2), and in particular as described in 28 U.S.C. § 157(b)(2)(E) in that it concerns the attempted turnover of property of the estate, *viz.* recovery of damages against the Defendant, which arose pre-Petition and which is property of the bankruptcy estate.

6. To the extent this Bankruptcy Court may find this to be a non-core proceeding, the Plaintiff consents to the entry of a final order in this matter by the Bankruptcy Court, in accordance with 28 U.S.C. § 157(c)(2).

7. To the extent this Bankruptcy Court finds that it lacks constitutional authority for the entry of a final order in this matter, the Plaintiff consents to the hearing of this matter by the Bankruptcy Court, with proposed findings and conclusions thereafter being submitted to the District Court in accordance with 28 U.S.C. § 157(c)(1).

8. The Plaintiff herein requests and expressly consent to a jury trial to be conducted by the bankruptcy court, as allowed pursuant to 28 U.S.C. § 157(e).

9. In the event that the Defendant does not provide express consent to the Bankruptcy Court conducting a jury trial, the Plaintiff reserves the right to request the withdrawal, pursuant to 28 U.S.C. § 157(d), of the reference of this matter by the District Court to Bankruptcy Court.

**III.     PARTIES**

10. Plaintiff Isiak McLamb is an individual who resides in Warsaw, North Carolina, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the NCCAA, N.C.G.S. § 58-70-90(2).

11. Defendant American Management Associates, LLC is a corporation and collection agency located in Goldsboro, North Carolina.

12. Defendant is engaged in the collection of debts from North Carolina consumers using the mail and telephone.

13. Defendant regularly attempts to collect consumer debts alleged to be due to another.

14. Defendant engages, directly or indirectly, in debt collection from consumers.

15. Defendant holds a collection agency license from the North Carolina Department of Insurance, as required by N.C.G.S. § 58-70-1.

16. Defendant was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

17. Defendant was and is a "collection agency" as defined by N.C.G.S. §§ 58-70-15(a) and 90(1).

**IV.     FACTUAL ALLEGATIONS**

18. Mr. McLamb received medical treatment and/or services from Wayne Memorial Hospital.

19. Mr. McLamb was unable to pay for the treatment and/or services from Wayne Memorial Hospital ("the Debt.").

20. The Debt was incurred for personal, family, or household purposes, *i.e.*, medical treatment and/or services.

21. Defendant obtained the Debt after it entered default.

22. By correspondence dated January 24, 2014, Defendant arranged for the preparation and transmittal of a letter to Mr. McLamb at his residence in an attempt to collect the Debt. Defendant's January 24, 2014, letter to Mr. McLamb is attached hereto as <u>Exhibit A</u>.

23. <u>Exhibit A</u> contains:

> Payment in full must be received within five (5) days. Otherwise, further collection action will be taken.
>
> ***
>
> This is an attempt to collect a debt. Any information obtained will be used for that purpose. If you fail to dispute the validity of this debt or any part thereof within 30 days after you received this notice, we will assume that the debt is valid.

<u>Exhibit A</u>.

24. <u>Exhibit A</u> was the initial communication from Defendant to Mr. McLamb regarding the Debt.

25. <u>Exhibit A</u> does not communicate that a written dispute will result in Defendant obtaining verification or a copy of a judgment and sending it to Mr. McLamb.

26. "In interpreting the demands of the FDCPA, we bear in mind that the statute was enacted 'to eliminate abusive debt collection practices' which 'contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.' 15 U.S.C. § 1692(a), (e)." *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 483-84 (4th Cir. 1991).

27. Section 1692g(a) expressly requires all debt collectors to communicate five pieces of information to every consumer.

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the

consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

28.     Section 1692g(b) explains the effect of a written dispute made pursuant to Section 1692g(a)(4).

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b).

29.     By failing to tell Mr. McLamb that a request for verification must be made "in writing" (as required by Section 1692g(a)(4)), in order to receive verification, Defendant failed to communicated information to Mr. McLamb that is required by the FDCPA. The failure to communicate the information required by Section 1692g(a)(4) could have a serious effect on a consumer such as Mr. McLamb, because he would not know that only a written dispute would

require Defendant both 1) to send verification; and 2) to cease collection efforts in line with Section 1692g(b). Indeed, "most individual consumers are unaware of their rights under the FDCPA." *Schwarm v. Craighead*, 233 F.R.D. 655, 664 (E.D.Cal. 2006). *See also Acik v. I.C. System, Inc.*, 251 F.R.D. 332, 337 (N.D.Ill. 2008); *Osborn v. Ekpsz*, 821 F.Supp.2d 859, 870 (S.D.Tex. 2011).

30. "Every district court to consider the issue has held that a debt collector violates §1692g(a) by failing to inform consumers that requests under subsections (a)(4) and (a)(5) must be made in writing. *See, e.g.*, *Bicking*, 2011 U.S. Dist. LEXIS 48623, 2011 WL 1740156, *3-4 (E.D. Va. May 5, 2011); *Beasley v. Sessoms & Rogers, P.A.*, 2010 U.S. Dist. LEXIS 52010, 2010 WL 1980083, at *6-7 (E.D.N.C. Mar. 1, 2010); [four additional cases omitted]." *Osborn*, 821 F.Supp.2d at 870. Here, Defendant did not even attempt to comply with Section 1692g(a)(4), but instead chose to exclude the required language altogether.

31. By attempting to collect a debt while at the same time failing to communicate information expressly required by the FDCPA to be communicated to the consumer, Defendant attempted to collect a debt deceptively and misleadingly.

32. Plaintiff demands a trial by jury over all claims.

### V.    COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

34. Defendant's violations of the FDCPA include, but are not limited to:

   A)   failing to inform consumers that their request for verification of the alleged debt must be "in writing" in violation of 15 U.S.C. § 1692g(a)(4); and

   B)   using any false, deceptive, or misleading representation or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10).

35. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs, and reasonable attorney fees.

## VI. COUNT TWO – NORTH CAROLINA COLLECTION AGENCY ACT

36. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

37. Defendant's violations of the NCCAA include, but are not limited to attempting to collect a debt by any fraudulent, deceptive or misleading representation, in violation of N.C.G.S. § 58-70-110.

38. As a result of Defendant's violations of the NCCAA, Plaintiff is entitled to an award of actual damages, civil penalties, costs, and reasonable attorney fees.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Isiak McLamb requests that judgment be entered in his favor against Defendant American Management Associates, LLC for:

1. Actual damages in an amount to be determined by a jury;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2) for violations alleged in Count One;

3. Civil penalties of $4,000.00 pursuant to N.C.G.S. § 58-70-130(b) for each violation alleged in Count Two;

4. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

5. For such other relief as the Court may find to be just and proper.

**LAW OFFICES OF JOHN T. ORCUTT, P.C.**

/s John T. Orcutt
John T. Orcutt
N.C. State Bar Number: 10212
6616-203 Six Forks Road
Raleigh, NC 27615
Telephone: (919) 847-9750
Fax: (919) 847-3439
Email: postlegal@johnorcutt.com

ATTORNEYS FOR PLAINTIFF ISIAK MCLAMB